**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**RPH, LLC**                                                                                                        **PLAINTIFF**

**v.**                              **CIVIL NO.   2:22-cv-02061-PKH**

**GREAT NORTHERN INSURANCE COMPANY**                                         **DEFENDANT**

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, RPH, LLC, files this Original Complaint and would show:

**PARTIES**

1.      Plaintiff, RPH, LLC, is an Arkansas limited liability company with its principal place of business located in Fayetteville, Arkansas. Each of the members of RPH, LLC is a citizen of Arkansas. The real and personal property that is the subject of this lawsuit is located in Fort Smith, Arkansas. The claim at issue has been validly assigned by the named insured, Ozark Warehouses, Inc. d/b/a Corrugated Specialties to RPH, LLC.

2.      Defendant, Great Northern Insurance Company ("Great Northern"), is an Indiana Corporation, with its principal place of business located at 202B Halls Mill Road, Whitehouse Station, NJ 08889. It can be served with process through its agent for service of process, CT Corporation System, 124 West Capitol Ave, Suite 1900, Little Rock, AR 72201-3726.

**JURISDICTION AND VENUE**

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Great Northern is a citizen of Indiana. RPH and its members are citizens of Arkansas. An actual controversy exists which arising from damage to real and personal property in Fort Smith, AR. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject properties are located in this Court's judicial district.

## FACTUAL BACKGROUND

5. Ozark Warehouses, LLC d/b/a Corrugated Specialties is a named insured under a Policy issued by Great Northern, identified as Policy 3604-37-14 DEN (the "Policy") to insure the real and personal property located at 700 Phoenix Ave., Fort Smith, AR, 72901 (the "Property"). The Policy is a broad form policy covering all causes of loss unless "resulting from a peril… otherwise excluded." The Policy was in effect from June 12, 2017 until June 12, 2018. At all times, the insured timely paid the premiums associated with the claim and otherwise complied with all conditions precedent to recovery.

6. On or about April 28, 2017 and/or June 30, 2017, the Properties were damaged due to hail and windstorms. Great Northern hired J.S. Held to perform an investigation of the loss in July 2021. J.S. Held's conclusions revealed that they made no determination as to whether the damage occurred during an applicable coverage period and that they made no effort to segregate any damage that may have occurred during the coverage period from other policy periods. J.S. Held also admitted the existence of hail damage in steel panels as well as three-tab asphalt shingles comprising the roof.

7. On January 7, 2022, RPH, LLC sent a demand letter to Great Northern identifying the problems with the J.S. Held report, producing its own engineering report verifying the occurrence of damage during the coverage period, and including an estimate for replacement of the damaged Property. Great Northern did not respond to the demand letter.

8. Despite performing an incomplete and biased investigation, Great Northern has denied the claim and refused to issue payment as required by the Policy.

9. **Breach of Contract.** RPH, LLC incorporates the allegations of paragraphs 5-8 the same as if fully set forth herein. RPH, LLC and Great Northern entered into an insurance contract identified as the Policy. RPH, LLC complied with all provisions of the insurance policy, including but not limited to payment of the premiums. Great Northern breached a material provision of the contract by refusing to pay replacement cost[1] and other damages owed under the Policy after a Covered Cause of Loss. RPH, LLC was damaged by Great Northern's breach.

10. RPH, LLC is entitled to recover reasonable attorney fees under Ark. Code Ann. § 16-22-308 should it be deemed the prevailing party in this breach of contract matter.

11. **Bad Faith.** RPH, LLC incorporates the allegations of paragraphs 5-8 the same as if fully set forth herein. Great Northern has acted knowingly in bad faith in its investigation of RPH, LLC's claim, causing damages to RPH, LLC. Great Northern agents have knowingly and intentionally acted adversarial, abusively and coercively, including but not limited to, relying upon incomplete and biased information, refusing to respond to conflicting expert reports, and by knowingly failing to comply with Arkansas regulatory and Policy mandated deadlines.

12. "An insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Columbia Nat. Ins. Co. v. Freeman*, 347 Ark. 423, 429, 64 S.W.3d 720, 723 (2002). Arkansas Courts have found, "The following instances have been found to constitute bad faith: (a) where an insurance

---

[1] Great Northern is estopped from denying replacement cost benefits that would be payable under the Policy. The doctrine of estopped prevents Great Northern from arguing that RPH, LLC has waived or forfeited its policy rights because of the failure to perform a condition precedent (repair or replacement of the damage) caused by Great Northern's failure to comply with the Loss Payment provisions of the Policy. *Kabir Marina Grand Hotel, Ltd. v. Landmark Am. Ins. Co.*, No. 2:18-CV-237, _____ WL _____, at *12 (S.D. Tex. Jan. 18, 2022).

agent lied by stating there was no insurance coverage; (b) aggressive, abusive, and coercive conduct by a claims representative; and (c) where a carrier intentionally altered insurance records to avoid a bad risk." *Keaton v. Prop. & Cas. Ins. Co. of Hartford*, No. 4:07CV-00634 BSM, 2008 WL 2949552, at *5 (E.D. Ark. July 30, 2008) (collecting cases). Misrepresentations about actions taken by the insurer during its investigation also support a finding of bad faith. *Id*. at *6.

13. In evaluating the insurer's conduct, actual malice can be inferred from conduct and surrounding circumstances. *Tweedle v. State Farm Fire & Cas. Co.*, No. 4:04-CV-608(RSW), 2005 WL 2149261, at *1 (E.D. Ark. Sept. 6, 2005). Arkansas courts have also stated that a jury can consider the adversarial nature of an adjuster for purposes of a finding of "ill will." *Columbia Nat. Ins. Co. v. Freeman*, 347 Ark. 423, 431, 64 S.W.3d 720, 724 (2002).

14. Arkansas also recognizes a common law tort claim for punitive damages by an insured for its insurers dishonest, malicious, and oppressive conduct. *See Emps. Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 30, 665 S.W.2d 873, 874 (1984); Paula J. Casey, Bad Faith in First Party Insurance Contracts—What's Next, 8 U. ARK. LITTLE ROCK L. REV. 237, 254 (1986). Plaintiff seeks punitive damages as are recoverable under Arkansas Model Jury Instruction-Civil Chapter 23.

15. **Penalty plus Attorney Fees.** RPH, LLC incorporates the allegations of paragraphs 5-8 the same as if fully set forth herein. Arkansas has enacted a statutory remedy for when insurance companies who are liable under a policy of insurance fail to pay a claim when required by the policy after due demand was made. Arkansas Code Annotated § 23-79-208(a)(1) provides that the insurer "shall be liable to pay the holder of the policy…, in addition to the amount of the loss, twelve percent (12 percent) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss."

## JURY DEMAND

16. **Jury Demand.** RPH, LLC demands a jury.

## PRAYER

17. RPH, LLC prays that Great Northern be cited to appear and answer herein and upon hearing that RPH, LLC recover judgment against Great Northern for the following:

   a. Contractual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Statutory damages of 12% of the total recovery;

   e. Tort damages;

   f. Exemplary and punitive damages; and

   g. All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

*/s/ Benjamin D. Doyle*
BENJAMIN D. DOYLE
Arkansas State Bar No.: 2020293
**STOCKARD, JOHNSTON, BROWN, NETARDUS & DOYLE, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**